IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

KENNETH J. MACFADYEN, et al.,

    Plaintiffs,

    v.                    CIVIL NO.: WDQ-10-2802

ELLA LOUISE SMITH, et al.,

    Defendants.

MEMORANDUM OPINION

Substitute trustees Kenneth J. MacFadyen, James J. Loftus, and Miriam S. Fuchs (the "plaintiffs") sought to foreclose on Ella Louise Smith and Sirina Sucklal's residence in the Circuit Court for Howard County, Maryland. For the following reasons, the plaintiffs' motion to remand will be granted, and Sucklal's motions to vacate sale, produce a power of attorney, and file a surreply will be denied.

I.    Background

On January 20, 2006, Smith and Sucklal closed on two mortgage loans for a home in Laurel, Maryland (the "Property"). ECF No. 17, Ex. 1 at 7.[1] The first loan was ultimately transferred

---

[1] Smith and Sucklal met as Howard University employees in 2003. *Attorney Grievance Comm'n of Md. v. Sucklal*, 418 Md. 1, 7, 12 A.3d 650, 653 (2011). Sucklal, who is a New York lawyer, falsely represented to Smith that she was admitted to practice in Maryland. *Id.* at 6 n.1, 7, 12 A.3d at 652 n.1, 653. By promis-

from the original lender to MTGLQ Investors LP ("MTGLQ").  See ECF No. 14, Ex. 3.  On March 13, 2009, the plaintiffs--who were appointed by MTGLQ as substitute trustees--initiated an action in the Circuit Court for Howard County to foreclose on the Property.  *MacFadyen v. Smith*, No. 13-C-09-076734 [hereinafter State Foreclosure Action]; ECF No. 14 ¶ 37, Ex. 2.  That day, the plaintiffs filed an "Order to Docket Suit and Affidavit."  ECF No. 14, Ex. 2 [hereinafter Foreclosure Order].[2]

On April 15, 2009, Sucklal moved for an emergency injunction to prevent the foreclosure sale, which was denied on April 22, 2009.  State Foreclosure Action, Doc. No. 16.  In 2009 and 2010, either Sucklal or Smith filed a series of bankruptcies.  *See* ECF No. 10 at 1.  On April 12, 2010, Sucklal moved to stay the foreclosure, which was denied on April 16, 2010.  State Foreclosure Action, Doc. Nos. 32, 34.

On April 30, 2010, Sucklal filed a *pro se* complaint against MTGLQ and the transferee of the second mortgage loan in the Circuit Court for Howard County to quiet title based on various

---

ing to later remove Smith's name, Sucklal induced Smith into signing two deeds of trust making them jointly liable as tenants in common for the mortgage loans.  *Id.* at 7-8, 12 A.3d at 653-54.  Because Sucklal has not paid the loans, "Smith's credit has been ruined."  *Id.* at 8, 12 A.3d at 654.

[2] This order, filed as required by Maryland foreclosure law, directed the circuit court clerk to "docket [the] foreclosure" and file, *inter alia*, the "original deed of trust," an "affidavit of non-military status," and a "copy of notice of intent to foreclose."  Foreclosure Order; Md. Code Ann., Real Prop. § 7-105.1.

2

state law claims and violations of the Racketeer Influenced and Corrupt Organizations Act, Truth in Lending Act, and Fair Credit Reporting Act. *Sucklal v. MTGLQ Investors LP*, No. 13-C-10-082351 [hereinafter Quiet Title Action].

On May 14, 2010, MTGLQ bought the Property at a foreclosure sale. ECF No. 10 at 2; ECF No. 14, Ex. 9.

On June 10, 2010, the Quiet Title Action was removed to this Court. *See Sucklal v. MTGLQ Investors LP*, No. WDQ-10-1536, 2011 WL 663754, at *1 (D. Md. Feb. 14. 2011).

On September 20, 2010, MTGLQ filed a motion to substitute itself with Goldman Sachs Mortgage Company ("Goldman Sachs") as the purchaser of the Property, which the Circuit Court for Howard County granted that day. ECF Nos. 2-3. Ownership rights in the Property were assigned to Goldman Sachs. *See id.*

On October 12, 2010, Sucklal, acting *pro se*, removed the State Foreclosure Action to this Court (this case), asserting that the plaintiffs had committed fraud and violated various federal laws. ECF No. 1 at 2. On October 19, 2010, Sucklal filed a *pro se* motion to vacate the foreclosure sale. ECF No. 7. On November 12, 2010, the plaintiffs moved to remand. ECF No. 10. On November 29 and December 6, 2010, Sucklal opposed that motion. ECF Nos. 13-14.

On February 14, 2011, this Court dismissed the Quiet Title Action for failure to state a claim. *Sucklal*, 2011 WL 663754,

at *5.[3]

On March 2 and 28, 2011, Sucklal filed *pro se* motions requesting that MacFadyen "produc[e a] power of attorney." ECF Nos. 16, 19. On March 14 and April 12, 2011, the plaintiffs opposed those motions. ECF Nos. 17, 20.

On April 29, 2011, Sucklal moved to file a surreply to her motions to produce a power of attorney. ECF No. 21.

II. Analysis

A. The Plaintiffs' Motion to Remand

1. Standard of Review

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" unless expressly prohibited. 28 U.S.C. § 1441(a). The district courts have original jurisdiction over all civil actions arising under "the Constitution, laws, or treaties of the United States." *Id.* § 1331.

In determining whether an action "arises under" federal law, courts must look at the face of the complaint and consider, for example, whether the plaintiff's "right to relief depends upon the construction or application of federal law." *Verizon Md., Inc. v. Global NAPS, Inc.*, 377 F.3d 355, 362-64 (4th Cir. 2004) (*citing Smith v. Kan. City Title & Trust Co.*, 255 U.S.

---

[3] Thus, Sucklal's motions to consolidate this case with the Quiet Title Action, *see* ECF Nos. 12, 15, will be denied as moot.

4

180, 199 (1921)). The complaint determines whether federal question jurisdiction exists. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Crawford v. Mokhtari*, 842 F. Supp. 840, 843 (D. Md. 1994). A defendant may not remove a case simply by raising a federal counterclaim or federal defense. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831-32 (2002); *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006).

Supplemental jurisdiction exists over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a).[4] Claims are part of the same case or controversy if they stem from a "common nucleus of operative facts." *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 116 (4th Cir. 2001) (*citing United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). Generally, only a "loose factual connection between the claims" is required for claims to arise from a common nucleus of operative facts. *Posey v. Calvert Cnty. Bd. of Educ.*, 262 F. Supp. 2d 598, 600 (D. Md. 2003).

A defendant may only remove state court actions that "originally could have been filed in federal court." *Caterpillar*

---

[4] A court may decline supplemental jurisdiction when (1) a claim raises a complex or novel state law issue, (2) the state claim substantially predominates, (3) all claims over which the court had original jurisdiction are dismissed, or (4) there are exceptional circumstances. 28 U.S.C. § 1367(c).

5

*Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because removal "raises significant federalism concerns," removal jurisdiction is strictly construed, and the case must be remanded if federal jurisdiction is doubtful. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

2. Federal Question Jurisdiction over the Foreclosure Action

The plaintiffs move to remand this foreclosure action, which had been removed by Sucklal to this Court, to the Circuit Court for Howard County for lack of federal question jurisdiction. ECF No. 10 at 2. They argue that this "standard *in rem* foreclosure action" does not invoke federal law. *Id.* at 1.[5]

Sucklal argues that federal question jurisdiction exists because the plaintiffs "committed fraud" and "violat[ed] the Racketeer Influenced and Corrupt Organizations Act (RICO), the Fair Debt Collectors Practices Act (FDCPA), the Fair Truth in Lending Act, the Fair Credit Reporting Act[,] and other [laws]." ECF No. 14 at 1. She asserts that "the plaintiffs have failed to show that they are the holder[s] of [her] note." *Id.* at 7.[6]

---

[5] Although the citizenship of each plaintiff is unclear, Sucklal does not assert that there is complete diversity; she bases removal solely on federal question jurisdiction. *See* ECF No. 1 ¶ 7; ECF No. 10 at 1.

[6] As this Court explained in the Quiet Title Action, Sucklal's signed promissory notes stated her understanding that the lender may transfer them. *Sucklal*, 2011 WL 663754, at *3.

6

a. The Plaintiffs Have Not Invoked Federal Law

As the plaintiffs note, this case "is a routine foreclosure action that arises solely under Maryland state law." ECF No. 10 at 2; see Md. Code Ann., Real Prop. § 7-105 (containing Maryland's foreclosure procedures); Md. R. 14-201 et seq. (same). Neither the Foreclosure Order nor any subsequent filing by the plaintiffs seeks relief that requires the construction or application of federal law.[7] "[T]his Court should refrain from interfering in a state foreclosure proceeding." *Arnold v. Waterfield Mortg. Co.*, 966 F. Supp. 387, 389 (D. Md. 1996).

Had Sucklal sufficiently pled federal fraud and statutory counterclaims or defenses, she could not have raised a federal question in her defense to secure removal; "it is the plaintiff who must [invoke federal law]." *Crawford*, 842 F. Supp. at 843; see also *Holmes Group*, 535 U.S. at 831-32; *In re Blackwater*, 460 F.3d at 584.

b. Sucklal's Removal Notice Is Untimely

Had federal question jurisdiction existed, Sucklal's removal would have been too late. A defendant must remove within 30 days after receipt of the "initial pleading setting

---

[7] See *Verizon*, 377 F.3d at 362-64; *In re Naef*, No. 7:10-CV-197-FL, 2010 WL 5058383, at *3 (E.D.N.C. Dec. 3, 2010) (remanding a foreclosure action for, among other deficiencies, lack of federal question jurisdiction; although the defendants sought relief under the Truth in Lending Act, removal was improper because "no question of federal law [was] implicated by the properly pleaded notice of foreclosure").

forth the claim for relief"; if the case stated by the initial pleading is not removable, the defendant may remove within 30 days after receipt of a motion or other paper "from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

The plaintiffs' initial filing, the Foreclosure Order, was filed in the circuit court on March 13, 2009;[8] Sucklal removed this case on October 12, 2010.[9] To the extent Sucklal attempts to restart the 30-day removal period by relying on the September 20, 2010 motion to substitute Goldman Sachs as purchaser, see ECF No. 2, that motion did not make this foreclosure action removable. 28 U.S.C. § 1446(b). The motion simply sought to assign ownership rights in the Property from MTGLQ to Goldman Sachs; it did not raise a federal question. See ECF Nos. 2-3.

Removal was improper because the Court does not have original jurisdiction over this foreclosure action; the plaintiffs' motion to remand will be granted.

B. Sucklal's Motions

Sucklal moves to vacate the foreclosure sale of the Property, for MacFadyen to produce a "power of attorney stating on whose behalf [he] is acting in the case at hand," and to file a surreply to her motions to produce a power of attorney. ECF

---

[8] State Foreclosure Action, Doc. No. 2.

[9] ECF No. 1.

Nos. 7, 16, 19, 21. Because this foreclosure action will be remanded, these motions must be denied for lack of jurisdiction.[10]

III. Conclusion

For the reasons stated above, the plaintiffs' motion to remand will be granted, and Sucklal's motions to vacate sale, produce a power of attorney, and file a surreply will be denied.

_____5/2/11_____  _____/s/_____
Date                    William D. Quarles, Jr.
                        United States District Judge

---

[10] See supra Part II.A; see also McAllister v. Lending House, Inc., No. 06-61542-CIV, 2007 WL 1695336, at *1-4 (S.D. Fla. June 8, 2007) (denying plaintiff's motion to vacate foreclosure sale; because the underlying complaint had been dismissed, the court lacked authority "to grant relief . . . in the form of vacating any foreclosure sale"); Griffin v. Ford Consumer Fin. Co., 812 F. Supp. 614, 617 (W.D.N.C. 1993) (remanding mortgage fraud case and dismissing for lack of jurisdiction "all pending motions filed since the petition of removal"; the court had "no jurisdiction to rule on th[ose] motions").